UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OTIS MERRIT                                                        CIVIL ACTION

VERSUS                                                             NUMBER: 19-7298

JAMES M. LEBLANC, ET AL.                                           SECTION: "H"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Otis Merrit,[1] against Defendants, James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections; Robert E. Tanner, Warden of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana; Karla Hillman, Classification Director at RCC; Kristi Adams, Transitional Release Counsel at RCC; Brittany Morgan, Inmate Staff Counsel at RCC; and, Kimberly Rimes, Record Clerk Supervisor at RCC.  (Rec. doc. 1, pp. 1, 5).

Plaintiff is an inmate of RCC who is serving a two-year sentence following his September 11, 2018 guilty plea to one count of failing to register as a sex offender in the Criminal District Court for the Parish of Orleans, State of Louisiana.[2]  In the complaint that he filed herein, Merrit first recalls that on December 4, 2014, he was arrested for unauthorized use of a motor vehicle and resisting an officer for which he was ultimately sentenced to a term of imprisonment of five years.  Upon completion of that sentence on September 9, 2016, Plaintiff was reportedly told that he could not be released without having

---

[1] Throughout his complaint, Plaintiff interchangeably spells his last name "Merrit" as well as "Merritt."  (Rec. doc. 1, pp. 1, 2, 3, 4).

[2] The Court is intimately familiar with the information pertaining to Merrit's state-court criminal proceedings, having been the assigned Magistrate Judge on three 28 U.S.C. §2254 habeas proceedings that he previously initiated here, *Merritt v. Tanner*, No. 19-CV-2104 "F"(5), *Merritt v. Gusman*, No. 17-CV-12114 "F"(5), and *Merrit v. Tanner*, No. 16-CV-15651 "F"(5).

a pre-approved residence due to the existence of sex-offense charges going back some 42 and 24 years. Merrit states that he was eventually released from prison on March 13, 2017.

Thereafter, Merrit states that on August 16, 2017, he was arrested again on warrants from St. Tammany Parish for failing to register as a sex offender and failing to provide notification of change of address and he was incarcerated at the Orleans Justice Center ("OJC"). Merrit complains that he was never transported to St. Tammany Parish and afforded an opportunity to challenge the warrants in that venue. He also complains that he has been denied release due to a lack of a pre-approved residential address, a condition that was never imposed following his arrest on December 4, 2014 or his present plea-based conviction on September 11, 2018. Plaintiff alleges that Defendants Hillman, Morgan, and Rimes of RCC failed to assist him in obtaining a release and that Defendant Adams failed to provide him with placement in an appropriate residential facility on account of his race. Merrit further alleges that a sex-offender registration requirement was never imposed by any judge but was instead foisted upon him by correctional officials who continue to subject him to "… slavery and arrest without due process of law" well beyond his proper release date of October 12, 2018, all on account of his race, despite ample shelters or halfway houses in the state where he could be placed. For these purported transgressions, Plaintiff seeks his release from custody and sex-offender registration requirements, the lifting of the warrants lodged against him, and monetary damages. (Rec. doc. 1, pp. 5-7).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C.

§1915A(b), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed for want of jurisdiction, as frivolous, and for failing to state a claim upon which relief can be granted.

The six individuals who are named as Defendants in this matter are all state officials who work for the Louisiana Department of Public Safety & Corrections.  As to them, it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their subdivisions, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). [3]  Because sovereign immunity deprives a court of jurisdiction, the claims so barred from consideration are appropriately dismissed without prejudice.  *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006).  In light of these authorities, it will be recommended that Plaintiff's §1983 claims against the six named Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.

Turning to Plaintiff's §1983 claims for monetary damages against the named Defendants in their individual capacity, such claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  Absent a showing that Plaintiff's September 11, 2018 conviction has been reversed, set aside, or called into question by an appropriate state or federal tribunal authorized to make such a determination, he has no §1983 cause of action for monetary damages against the Defendants in their individual capacity.  *Heck*, *supra*.  Claims which are barred by *Heck* are legally frivolous.  *Kingery v. Hale*,

---

[3] In addition, neither states, their departments, nor their officials acting in their official capacity are considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

73 Fed.Appx. 755 (5th Cir. 2003); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). Moreover, the Fifth Circuit has previously held that Louisiana's sex-offender registration laws do not violate the constitution. *See Moore v. Avoyelles Corr. Center*, 253 F.3d 870 (5th Cir.), *cert. denied*, 534 U.S. 1008, 122 S.Ct. 492 (2001); *Kirschenhunter v. Sheriff's Office, Beauregard Parish*, 165 Fed.Appx. 362 (5th Cir.), *cert. denied*, 549 U.S. 913, 127 S.Ct. 913 (2006). In any event, the Defendants are entitled to absolute immunity from liability from their actions in calculating Merrit's sentence and for their decisions in executing Merrit's sentence and its attendant conditions. *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). The remaining claims for equitable relief raised by Plaintiff's complaint should be pursued through state post-conviction and federal habeas proceedings. *Damond v. LeBlanc*, 552 Fed.Appx. 353, 354 (5th Cir.), *cert. denied*, 573 U.S. 934, 134 S.Ct. 2846 (2014); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 n. 1 (5th Cir. 1988).

## **CONCLUSION**

For the foregoing reasons, it is recommended that Plaintiff's §1983 claims against the Defendants in their official capacity be dismissed without prejudice for want of jurisdiction and that his §1983 claims against the Defendants in their individual capacity be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

4

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).4/

New Orleans, Louisiana, this  10th  day of           April          , 2019

```
_____
        MICHAEL B. NORTH
    UNITED STATES MAGISTRATE JUDGE
```

---

4/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.